**IT IS ORDERED as set forth below:**



Date: January 20, 2017

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| GLENN LEE THOMPSON, | : | 11-11192-WHD |
| HEIKE BIRGIT THOMPSON, | : | |
| | : | |
| GUY G. GEBHARDT, | : | ADVERSARY PROCEEDING |
| Acting United States Trustee, | : | NO. 15-1016-WHD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN LEE THOMPSON, | : | IN PROCEEDINGS UNDER |
| HEIKE BIRGIT THOMPSON, | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| Defendants. | : | |

**ORDER**

Before the Court is the Motion in Limine filed by Glenn Lee Thompson and

Heike Birgit Thompson (hereinafter the "Debtors") in the above-styled adversary

proceeding. The Debtors request that the Court bar Guy G. Gebhardt (hereinafter the "U.S. Trustee"), Acting United States Trustee for Region 21 and the plaintiff in this proceeding, from presenting certain evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1).

**Background**

In the instant proceeding, the U.S. Trustee seeks to revoke the Debtors' Chapter 7 discharge. On September 12, 2016, the Debtors filed a motion for summary judgment, which this Court granted in part and denied in part on November 16, 2016. As a result of the Court's ruling, the only issue remaining for trial is whether the Debtors' discharge should be revoked pursuant to § 727(d)(2) of the Bankruptcy Code, which allows revocation of a discharge in situations in which "the debtor acquired property that is property of the estate, or became entitled to property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to

2

deliver or surrender such property to the trustee." 11 U.S.C. § 727(d)(2).

In the motion currently before the Court, the Debtors assert that the U.S. Trustee intends to show at trial that the Debtors fraudulently failed to report the acquisition of two classes of property in the Debtors' bankruptcy case: cash received from Nattco, Inc. (hereinafter "Nattco Cash"), and the payment of the Debtors' personal expenses by GHT United, LLC. Having bifurcated the evidence in this way, the Debtors maintain that the U.S. Trustee did not disclose any evidence concerning the acquisition of Nattco Cash in discovery, and therefore the Court should prevent the U.S. Trustee from presenting any evidence relating to the Debtors' acquisition of Nattco Cash at trial. Additionally, the Debtors assert that at least one representative of the U.S. Trustee has made statements suggesting that the U.S. Trustee has no such evidence.

The U.S. Trustee has responded to this motion, but the U.S. Trustee does not address the Debtors' arguments concerning discovery. Instead, the U.S. Trustee argues that evidence concerning Nattco Cash is relevant, as that term is used in the Federal Rules of Evidence. *See* Fed. R. Evid. 401; *see also* Fed. R. Bankr. P. 9017

(making the Federal Rules of Evidence applicable in bankruptcy cases).  In their reply, the Debtors argue that Rule 37(c)(1) concerns a party's conduct in discovery, not the relevance of evidence.

**Discussion**

Federal Rule of Civil Procedure 37(c)(1) states,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: [may impose other sanctions].

Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Bankr. P. 7037.  The rule is meant to impose a sanction on a party who fails to comply with the disclosure requirements of Rule 26.  *See Morrison v. Mann*, 244 F.R.D. 668, 672 (N.D. Ga. 2007); *see also* Fed. R. Civ. P. 26(a), (e).  If a party does not timely produce evidence in discovery, a court may employ Rule 37(c)(1) to prohibit that party from using the evidence at

4

trial. *See In re Delta/AirTran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012). Because Rule 37(c)(1) excludes evidence as a sanction, and not because of any relevance issue with the evidence itself, the Debtors correctly assert that the U.S. Trustee's discussion of relevance is inapt.

Nevertheless, the Court will not grant the Debtors' motion at this time. Though the Debtors assert that the U.S. Trustee did not produce any evidence of the acquisition of Nattco Cash in discovery, they do not point to any particular evidence the Court should bar from trial. Instead, they assert that the U.S. Trustee does not even have such evidence. A motion under Rule 37(c)(1) is more appropriately employed to target specific pieces of evidence that a party intends to present at trial than as a blanket, pre-emptive attack on an entire class of evidence which may not even exist. *See generally In re Delta/AirTran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d at 1355-58 (considering whether to allow a party to present documents that were not timely disclosed in discovery). Consequently, the Court questions whether the Debtors have actually presented it with an issue to resolve—the Court sees no value in entering an order barring the

presentation of potentially non-existent evidence.

Though the Court will deny the Debtors' motion, it does so mindful of the fact "that denial of a motion in limine does not result in the admission of [evidence]." *Alliance Fin. Capital, Inc. v. Herzfeld (In re Herzfeld)*, 2007 WL 7143395, at * 2 (Bankr. N.D. Ga. Dec. 17, 2007) (Diehl, J.). The Court denies the instant motion simply because the motion has not been brought in the proper context. *See id.* ("Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." (quoting *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993))). The Debtors are free to raise issues with specific pieces of the U.S. Trustee's evidence when appropriate, such as after the submission of a pre-trial order that discloses the evidence the parties propose to rely on at trial, should they feel that the U.S. Trustee is attempting to introduce evidence that was not disclosed in discovery in violation of the applicable paragraphs of Rule 26.

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that the Debtors' motion is **DENIED** without prejudice to the Debtors making renewed objections to particular pieces of evidence that the U.S. Trustee intends to introduce at trial.

The Clerk is **DIRECTED** to serve this Order on the Debtors, the Debtor's counsel, and the U.S. Trustee.

**END OF DOCUMENT**