**IT IS ORDERED as set forth below:**



**Date: April 25, 2017**

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| GLENN LEE THOMPSON, | : | 11-11192-WHD |
| HEIKE BIRGIT THOMPSON, | : | |
| _____ | : | |
| | : | |
| GUY G. GEBHARDT, | : | ADVERSARY PROCEEDING |
| Acting United States Trustee, | : | NO. 15-1016-WHD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN LEE THOMPSON, | : | IN PROCEEDINGS UNDER |
| HEIKE BIRGIT THOMPSON, | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| Defendants. | : | |

## ORDER

Before the Court is the Second Motion in Limine filed by Glenn Lee Thompson and Heike Birgit Thompson (hereinafter the "Debtors") in the above-

styled adversary proceeding. The Debtors request that the Court bar Guy G. Gebhardt (hereinafter the "U.S. Trustee"), the plaintiff in this proceeding, from making certain arguments and presenting certain evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1).

## Discussion

In the instant proceeding, the U.S. Trustee seeks to revoke the Debtors' Chapter 7 discharge. On September 12, 2016, the Debtors filed a motion for summary judgment, which this Court granted in part and denied in part on November 16, 2016. As a result of the Court's ruling, the only issue remaining for trial in this proceeding is whether the Debtors' discharge should be revoked pursuant to § 727(d)(2) of the Bankruptcy Code, which allows revocation of a discharge in situations in which "the debtor acquired property that is property of the estate, or became entitled to property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee." 11 U.S.C. § 727(d)(2).

On December 8, 2016, the Debtors filed their first motion in limine. The Debtors characterized the U.S. Trustee's case against them as involving the acquisition of two types of property: cash from Nattco, LLC, the Debtor-wife's business, and the payment of personal expenses by GHT United, LLC, the Debtor-husband's company. The Debtors argued that the U.S. Trustee had not disclosed in discovery any evidence relating to the acquisition of cash from Nattco, so the U.S. Trustee should be barred from presenting evidence on that point at trial. The Debtors did not identify any particular pieces of evidence the U.S. Trustee was intending to use, but instead made an attack on the entire class of evidence—a class they also intimated did not exist.

The Court entered its order denying the Debtors' motion on January 20, 2017. In denying the motion, the Court noted that "[a] motion under Rule 37(c)(1) is more appropriately employed to target specific pieces of evidence that a party intends to present at trial than as a blanket, pre-emptive attack on an entire class of evidence which may not even exist." (Doc. No. 94, at 5). Consequently, the denial was "without prejudice to the Debtors making renewed objections to *particular*

3

*pieces of evidence* that the U.S. Trustee intends to introduce at trial." (*Id.* at 7 (emphasis added)).

On February 28, 2017, the Court approved the parties' consolidated pretrial order, which contained the parties' exhibit lists. On March 23, 2017, the Debtors filed the instant motion, once again requesting that the Court prohibit the U.S. Trustee from making certain arguments and presenting certain evidence at trial as a sanction for the U.S. Trustee's failure to disclose these arguments and evidence in the course of discovery. The arguments the Debtors seek to proscribe (hereinafter the "Acquisition Arguments") are that the Debtors acquired and failed to disclose: (1) personal income from Nattco in the form of payment of personal expenses; (2) cash removed from Nattco's premises; (3) cash from Nattco's operations that was ultimately used to commence a new business; and (4) other income, including from the Debtor-husband selling scrap metal. The Debtors also wish to prohibit the introduction at trial of four of the U.S. Trustee's exhibits (hereinafter the "Exhibits"), all of which are transcripts of meetings of creditors—three from the Debtors' case and one from the Chapter 11 filed by Nattco.

The Debtors argue that the U.S. Trustee did not disclose the Acquisition Arguments or the Exhibits in discovery, and therefore requests that the Court exclude evidence, testimony, or argument relating to them.

## Discussion

Federal Rule of Civil Procedure 37(c)(1) states,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: [may impose other sanctions].

Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Bankr. P. 7037.  The rule is meant to impose a sanction on a party who fails to comply with the disclosure requirements of Rule 26.  *See Morrison v. Mann*, 244 F.R.D. 668, 672 (N.D. Ga. 2007); *see also* Fed. R. Civ. P. 26(a), (e).  Exclusion of undisclosed evidence or some other sanction is automatic, that is, the mere failure to disclose triggers the Rule.  *See 24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008).  The Rule expressly contemplates that courts may impose

5

sanctions other than exclusion of the evidence, such as the imposition of attorney's fees. *See Green v. Allstate Ins. Co.*, No. 1:14-CV-00794-ELR, 2015 WL 11233460, at *2 (N.D. Ga. May 5, 2015); *In re Delta/Airtran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012); *24/7 Records, Inc.*, 566 F. Supp. 2d at 318. Additionally, an offending party is not subject to sanction if the failure to disclose was justified or harmless. *See 24/7 Records, Inc.*, 566 F. Supp. 2d at 318.

With these guiding principles in mind, the Court turns to the substance of the Debtors' motion.

A. The Acquisition Arguments

In the instant motion, the Debtors assert that the U.S. Trustee did not disclose any of the Acquisition Arguments in discovery. Specifically, the Debtors point to an interrogatory they served on the U.S. Trustee that asked him to identify "each piece/item of 'property of the estate'" the U.S. Trustee claims was acquired during the case. In response to the interrogatory, the U.S. Trustee had identified the payment of personal expenses and disbursements from GHT United, and made

6

a general allegation concerning the receipt of cash from Nattco. The Debtors contend that the U.S. Trustee should have supplemented his response to include the Acquisition Arguments. Because the U.S. Trustee did not do so, the Debtors believe Rule 37(c) bars him from making argument or presenting evidence in support of the Acquisition Arguments.

As stated above, Rule 37(c)(1) is a sanctioning mechanism for failure to conform with the requirements of parts (a) and (e) of Rule 26. Part (e) of Rule 26 deals with supplementing disclosures. Fed. R. Civ. P. 26(e). A party must supplement or correct a previous disclosure under Rule 26(a) or a response to a discovery request "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

Pretermitting whether a motion under Rule 37(c) is even the proper vehicle for the relief the Debtors seek (*see* Order, Doc. No. 94, at 5), the Court finds that the U.S. Trustee has not violated Rule 26(e), and sanctions are not appropriate.

7

The U.S. Trustee's response to the Debtors' interrogatory is lacking, particularly in its failure to include the U.S. Trustee's allegations concerning the payment of personal expenses by Nattco and the receipt of money from selling scrap metal. However, the U.S. Trustee has explored the Acquisition Arguments in the course of discovery, including in depositions involving the Debtors themselves. (*See e.g.*, Loftin Dep., Doc. No. 69, at 14-16; G. Thompson Dep., Doc. No. 77, at 9, 18-19, 33; H. Thompson Dep., Doc. No. 74, at 252; Hendry Dep., Doc. No. 108, at 43; H. Thompson Dep., Doc. No. 75, at 161). These discussions were sufficient to put the Debtors on notice that the U.S. Trustee might pursue the Acquisition Arguments, and are therefore sufficient to satisfy Rule 26(e) because the omitted information was "made known to the other parties." *See* Fed. R. Civ. P. 26(e); *see generally Sealy v. Gruntal & Co.*, No. 94Civ.7948 (KTD)(MHD), 1998 WL 698257, at *2 (S.D.N.Y. Oct. 7, 1998) ("Since the identities of seven of these [witnesses] were disclosed in deposition testimony, together with at least some information about their potential significance, plaintiff cannot demonstrate a clear-cut violation of [Rule 26(e)]."). As there has been no violation of Rule 26, the Court will not

8

impose a sanction under Rule 37(c).

B. The Exhibits

The Debtors also oppose the introduction of the Exhibits, which are transcripts of meetings of creditors conducted in the Debtors' case and in Nattco's case. The Debtors contend that they requested this sort of evidence in discovery, but the U.S. Trustee never turned it over. Consequently, they argue that the evidence should be barred by Rule 37(c).

It seems plain from the parties' briefs that the U.S. Trustee did not turn the Exhibits over to the Debtors during the discovery period in response to the Debtors' discovery requests. Accordingly, there appears to have been at least a technical violation of Rule 26. However, the Court concludes that the violation is harmless, as that word is used in Rule 37(c), and so will not prohibit the U.S. Trustee from introducing the Exhibits at trial.

A failure to disclose is "harmless if it is honest, and is coupled with the other party having sufficient knowledge that the material has not been produced." *In re Delta/Airtran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d at 1358 (quoting

*Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003)); *accord Two Men and a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., LLC.*, No. 4:08cv67-WS/WCS, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008). In determining whether the harmless exception applies, it is appropriate to consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Cambridge Univ. Press v. Becker*, No. 1:08-CV-1425-ODE, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010); *see also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (enumerating similar factors).

Here, the Court finds that the U.S. Trustee's failure to turn the Exhibits over to the Debtors was an honest oversight—careless, but it does not rise to the level of bad faith. Additionally, the Debtors were, or should have been, aware that the Exhibits had not been produced. The Exhibits are transcripts of meetings of

10

creditors in the Debtors' own case and in the case of a business owned by the Debtor-wife. Thus, the Debtors must have known that at least the audio files of these meetings existed. This all suggests that this is not the type of situation the rule was designed to prevent, in which one party has withheld evidence it alone knew of and unfairly surprised the other party.

Consideration of the five factors enumerated above also compels the conclusion that the failure to disclose the Exhibits was harmless. First, the Court finds that the use of the Exhibits will not be that great of a surprise to the Debtors. The Debtors were certainly aware that the Exhibits existed, as they are transcripts of the Debtors' own meetings of creditors and the transcript of the meeting of creditors of the Debtor-wife's business.[1] Second, the U.S. Trustee is in a position to cure the surprise by turning the transcripts over to the Debtors now, which the U.S. Trustee alleges has already been done. Third, allowing the Exhibits will

---

[1] The Eleventh Circuit has also indicated that pretrial disclosure militates against "surprise." *See Hearn v. McKay*, 603 F.3d 897, 903 (11th Cir. 2010) (per curiam) ("Defendants disclosed the witness in their pretrial stipulation, lessening the degree of surprise."). Here, the U.S. Trustee disclosed the Exhibits on its exhibits list filed with the pretrial order.

11

disrupt the trial, in that it will perhaps delay the resolution of this proceeding that has already been pending for over two years, but the Court finds that it should not be a long delay—the Debtors should not need much time to investigate the contents of their own testimony.  Fourth, the Court assumes that the evidence is important.  And fifth, the Court is satisfied with the U.S. Trustee's explanation for failing to disclose the Exhibits sooner.  The U.S. Trustee certainly should have done so, but the Court is satisfied that he did not act in bad faith.  *See Woodworker's Supply, Inc.*, 170 F.3d at 993 ("While this certainly does not excuse Woodworker from supplementing its disclosures, it reduces the likelihood that Woodworker acted in 'bad faith'....").  Consequently, the Court finds that exclusion is not required.

## Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the Debtors' Second Motion in Limine is **DENIED**.

The Clerk is **DIRECTED** to serve this Order on the Debtors, the U.S.

12

Trustee, and their respective counsel.

**END OF DOCUMENT**

13